**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CARDELL CAMPBELL, #074537,**

      **Petitioner,**

                                    **Civil No: 08-CV-11135**
                                    **Honorable John Corbett O'Meara**
                                    **Magistrate Judge Charles E. Binder**

**v.**

**UNITED STATES OF AMERICA**,

      **Respondent.**

_____

**OPINION & ORDER SUMMARILY DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

## I.  Introduction

This matter is before the Court on Petitioner's, Cardell Campbell's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.  Petitioner is presently incarcerated at the St. Clair County, Michigan jail apparently on pending federal charges.  He is challenging various conditions of his confinement.  For the reasons stated below, Petitioner's habeas petition is dismissed without prejudice.

## II.  Statement of Facts

Petitioner is currently incarcerated on pending federal charges of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.  He claims that he needs to be released so that he may attend to his  various medical ailments.  Because of his hernia and dental and gum related problems, Petitioner is in a great deal of pain and has problems eating and drinking.  This problem is exacerbated by an inadequate supply of fresh, chilled  water and the unsatisfactory  preparation of the food that is served.  Petitioner  filed a habeas petition  regarding

this same matter; and it was dismissed without prejudice because it failed to challenge the very fact or duration of his physical imprisonment. *Campbell v. Port Huron County Jail,* No. 08-CV-10223 (E.D.Mich. Jan. 22, 2008) (Cleland, J.)  Instead the habeas petition challenged the same conditions of confinement that are before this Court.  The two habeas petitions are virtually identical with the only difference being that in the petition before this Court, Petitioner frames his  argument in terms of needing to be released from confinement because of his dental problems and the poor food and water conditions.  Petitioner's previous habeas petition further sets forth complaints about the health conditions in the prison and how his prison environment has caused his pre-existing dental problems to worsen.  Additionally, Petitioner complained about being incarcerated with defendants who have already been sentenced for their crimes, as well as with persons awaiting medical testing.

### III.  Law & Analysis

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to  immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).  Thus, a petition for a writ of habeas corpus is accepted as the specific instrument to obtain release from unlawful custody.  *Wilkinson v. Dotson,* 522 U.S. 74, 78-79 (2005).  Habeas relief is also appropriate for claims challenging the execution or the manner in which a sentence is served. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001).  However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration.  See *Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).  Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the

legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id. (*quoting *Maddux v. Rose,* 483 F.Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. §1983. *Id.;* see also, *Austin v. Bell* 927 F.Supp. 1058, 1066 (M.D. Tenn. 1996). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." See *Hodges v. Bell,* 170 F. Appx. 389, 393 (6th Cir. 2006).

This Court, will not, however, convert Petitioner's habeas petition into a civil rights cause of action. Because of the vastly different procedural requirements[1] for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under §1983 should dismiss the petition without prejudice to allow the petitioner to raise his potential civil rights claims properly as a §1983 action. See *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004).[2]

---

[1]The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be require to pay the full amount of a filing fee." 28 U.S.C. 1915(b)(1)(as amended); see also. *In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of indigency as well as a certified copy of his or her prison account statement showing the activity in the inmate's prison account for the previous six months. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). The PLRA also requires that district courts screen all civil cases brought by prisoners. *Id.* at 608. Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous and malicious or failed to state a claim for which relief may be granted. See 28 U.S.C. §1915(g)( (1996). See also, *Thaddeus-X v. Blatter,* 175 F.3d 378, 400 (6th Cir. 1999).

[2]The Court expresses no view concerning whether or not Petitioner's claims would be sustainable in the event he were to choose to file them in the proper manner.

**IV. Conclusion**

For the reasons stated, the instant petition is subject to summary dismissal because Petitioner

is challenging the condition of his confinement.

IT IS HEREBY ORDERED that Petitioner's "Application for Writ of Habeas Corpus**" [Doc.**

**#1-1, filed March 17, 2008]** is **DISMISSED WITHOUT  PREJUDICE.**

S/John Corbett O'Meara
United States District Judge

Date:  April 11, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this
date, April 11, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager